UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FRANTZ IVENS TOUSSAINT,
Petitioner,
v.
CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 26-cv-5057 JAO (JAC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Frantz Ivens Toussaint's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1; Respondents' Return to the Petition, ECF No. 4; and Petitioner's Traverse, ECF No. 5.

For the following reasons, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus on due process grounds.

## BACKGROUND

Petitioner is a native and citizen of Haiti who entered the United States on or about July 13, 2024 at a port of entry, where the Department of Homeland Security ("DHS") processed him, issued him an I-94, and released him into the country on parole. *See* ECF No. 1 ¶¶ 1, 4; *see also* ECF No. 4. DHS initiated removal proceedings against Petitioner on July 31, 2024. *See* ECF No. 1 ¶ 28. Petitioner remained physically at liberty while

pursuing an application for asylum, in addition to an application for work authorization which was approved for the period of November 10, 2025 through November 9, 2030. *See id.* ¶¶ 30–32.

On August 6, 2026, after being at liberty for more than two years, Petitioner was approached by Immigration and Customs Enforcement ("ICE") officers in an unmarked vehicle and taken into immigration custody in Maryland. *See id.* ¶ 33. The government failed to provide prior notice or any opportunity to be heard and identified no changed circumstances that would justify the revocation of Petitioner's release. *See id.* ¶ 33. Following his re-detention, Petitioner was transferred from Maryland to California, where he presently remains detained. *See id.* 1 ¶ 34.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of her confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

Petitioner argues that his re-detention without notice or a pre-deprivation hearing violates due process. *See* ECF No. 1 ¶¶ 52–58. Although Respondents maintain that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and assert that *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) is inapplicable to

Petitioner, they recognize that courts in this district have rejected those positions. *See* ECF No. 4 at 1–2. They thus decline to oppose the Petition and defer to the Court on the appropriate relief. *See id.* at 3. The Court concludes that Petitioner's re-detention without notice violates due process and that only immediate release affords relief because Petitioner is entitled to process *before* the revocation of his prior release.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner has been out of custody since 2024, when the government implicitly determined he was not a danger to the community or a flight risk and paroled him into the country. After his parole, he was allowed to remain at liberty for more than two years as

he pursued his asylum claims. Further, there is no suggestion that Petitioner violated any terms of his release in the years he has been out of detention. *See generally* ECF No. 4. Petitioner thus has a protected liberty interest continuing to remain out of custody. *See, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1034 ("[The petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [the petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1129 (E.D. Cal. 2025) (finding the petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Mathews* factors. *See Mathews*, 424 U.S. at 335. Courts must consider:

> (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.*

The Court finds that all three factors support a determination that the Government's re-detention of Petitioner without notification, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights. First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to his release in 2024. "Freedom from imprisonment—from government custody,

detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690; *see also Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high as Respondents revoked Petitioner's release from custody without providing Petitioner with notification, reasoning, or a hearing. Since the government's initial determination in 2024 that Petitioner should be released into the country, there is no evidence that these findings have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk[.]" *Saravia*, 280 F. Supp. 3d at 1176. "Where as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [her] detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025)) (cleaned up).

Third, the government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Alvarenga Matute*, 807 F. Supp. 3d at 1130; *Pinchi*, 792 F. Supp. 3d at 1036; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Therefore, because Respondents detained Petitioner by revoking his release in violation of the Due Process Clause, his detention is unlawful. *See, e.g.*, *Monroy*

*Martinez v. Lyons*, 2026 WL 1047937, at * 5 (S.D. Cal. Apr. 17, 2026) (granting a writ of habeas corpus on due process grounds where the petitioner's release on bond was revoked); *Navarro Sanchez v. LaRose*, 2025 WL 2770629, at *5 (S.D. Cal. Sept. 26, 2025) (granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds).

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) on due process grounds, and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting parole.[1]

The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his parole and a hearing before a neutral decision maker to determine whether detention is warranted. The government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. *See, e.g.*, *Matute*, 807 F. Supp. 3d at 1133; *Pinchi*, 792 F. Supp. 3d at 1038; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025); *Isaev, v. LaRose, et al.*, 2026 WL 1162758, at *3 (S.D. Cal. Apr. 29, 2026). The Parties are **ORDERED** to file a Joint Status Report by October 7, 2026, confirming that Petitioner has been released. As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

---

[1] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 14. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. See 28 U.S.C. § 2412(d)(1)(B).

Dated: September 23, 2026

Jill A. Otake
United States District Judge